UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No.: 07-21248

CIV-LENARD

/TORRES



FILED by ___ D.C.
DKTG
MAY 14 2007
CLARENCE MADDOX
CLERK U.S. DIST. CT.
S.D. OF FLA. - MIAMI

MANYA BLECHMAN, and
DONALD BLECHMAN, her husband,

    Plaintiffs,

v.

ASTRAZENECA PHARMACEUTICALS
LP, a Delaware Limited Partnership,
ASTRAZENECA LP, a Delaware Limited Partnership,
ZENECA, INC., a Delaware Corporation for Profit,
ZENECA PHARMA, INC., a Delaware Corporation
for Profit,

    Defendants.
_____/

## COMPLAINT FOR DAMAGES

Plaintiffs, MANYA BLECHMAN and DONALD BLECHMAN, sue Defendants, ASTRAZENECA PHARMACEUTICALS LP, a Delaware Limited Partnership, ASTRAZENECA LP, a Delaware Limited Partnership, ZENECA, INC., a Delaware Corporation for Profit and ZENECA PHARMA, INC., a Delaware Corporation for Profit, and allege:

### *Jurisdiction and Venue*

1.     The matter in controversy exceeds $75,000, exclusive of interest and costs, as specified by 28 U.S.C. § 1332.

2.     Venue is proper in this District pursuant to 28 U.S.C. § 1391(a), as Plaintiff obtained, purchased and used the prescription medication, known as Arimidex, that forms the basis of this lawsuit in Southern Federal District of Florida; at all relevant

times, Plaintiff resided within this District, the injury sued upon occurred in this District and Defendants marketed, advertised, sold and distributed the prescription medication, known as Arimidex, in this District.

### *Parties*

3.  At all times material, Plaintiffs, MANYA BLECHMAN and DONALD BLECHMAN, were and are married and citizens of Miami-Dade County, Florida.

4.  At all times material, Defendant ASTRAZENECA PHARMACEUTICALS LP, is a Delaware based Limited Partnership and doing business throughout the United States and further is registered to do business in the State of Florida, and further is doing substantial business in the State of Florida, directly and indirectly through its agents and distributors to such an extent that it avails itself of the jurisdiction of the State of Florida, 48.193, Florida Statutes.

5.  At all times material, Defendant ASTRAZENECA LP, is a Delaware based Limited Partnership and doing business throughout the United States and further is registered to do business in the State of Florida, and further is doing substantial business in the State of Florida, directly and indirectly through its agents and distributors to such an extent that it avails itself of the jurisdiction of the State of Florida, 48.193, Florida Statutes.

6.  At all times material, Defendant ZENECA Inc., is a Delaware corporation and doing business throughout the United States and further is registered to do business in the State of Florida, and further is doing substantial business in the State of Florida, directly and indirectly through its agents and distributors to such an extent that it avails itself of the jurisdiction of the State of Florida, 48.193, Florida Statutes.

7.  At all times material, Defendant ZENECA PHARMA INC., is a Delaware

corporation and doing business throughout the United States and further is registered to do business in the State of Florida, and further is doing substantial business in the State of Florida, directly and indirectly through its agents and distributors to such an extent that it avails itself of the jurisdiction of the State of Florida, 48.193, Florida Statutes.

### *Allegations Common to All Counts*

8. At all times material Defendants ASTRAZENECA PHARMACEUTICALS LP, ASTRAZENECA LP, ZENECA INC., and ZENECA PHARMA INC., were and are in the business of designing, producing, manufacturing, distributing, marketing and sale of prescription medications to the public.

9. At all times material Defendants ASTRAZENECA PHARMACEUTICALS LP, ASTRAZENECA LP, ZENECA INC., and ZENECA PHARMA INC., did design, produce manufacture, distribute, market and sell the prescription medication Anastrozole under the trade name "Arimidex" in tablet form for the treatment of breast cancer.

10. At all times material Defendants ASTRAZENECA PHARMACEUTICALS LP, ASTRAZENECA LP, ZENECA INC., and ZENECA PHARMA INC., offered for sale or caused to be sold in the State of Florida the prescription medication Anastrozole under the trade name "Arimidex" for the purpose of, *inter alia,* being used and administered by physicians and other healthcare professionals for the treatment of breast cancer. Plaintiff, MANYA BLECHMAN, was administered Arimidex for its stated purpose and as a result subsequently suffered severe injuries.

## COUNT I
## NEGLIGENCE CLAIMS AGAINST
## ASTRAZENEC PHARMACEUTICALS LP
## ASTRAZENECA LP, ZENECA INC., ZENCA PHARMA INC.

Defendants ASTRAZENECA PHARMACEUTICALS LP, ASTRAZENECA LP, ZENECA INC., and ZENECA PHARMA INC., (hereinafter for the purposes of this count collectively referred to as "Defendants"). Plaintiff readopts and re-alleges paragraphs 1 through 10 as though fully set forth herein and further alleges:

11. At all times material Plaintiff consumed the Arimidex for its intended purpose and as directed.

12. At all times material Defendants undertook activities to aggressively advertise, market and sell Arimidex to physicians and the public.

13. Defendants owed the Plaintiff a duty, before Arimidex was sold on the market, to disclose the inherent and potential hazard of administering Arimidex, which the Defendants knew or reasonably should have known.

14. Defendants as designers, producers, manufacturers, distributors, marketers and sellers of Arimidex, owed the Plaintiff a duty to exercise reasonable care, including but not limited to exercising reasonable care as follows:

   a. designing Arimidex in a manner in which it would be reasonably safe so that when administered and used as intended it would not cause injury;

   b. manufacturing Arimidex free of defects or dangerous propensities;

   c. inspecting Arimidex to ensure that it is reasonably safe and free of defects;

   d. adequately testing Arimidex;

   e. adequately warning of Arimidex's dangerous propensities;

    f. monitoring Arimidex and its uses in the scientific, medical community and general population;

    g. warning of any health hazards or dangers associated with the use of Arimidex;

    h. using reasonable care in designing, manufacturing, testing, monitoring, distributing and selling of Arimidex;

    i. warning of any health hazards or dangers associated with the use of Arimidex discovered in the post marketing period;

    j. timely revise the drug labeling to include warnings as soon as there was reasonable evidence of an association of a serious hazard with Arimidex.

15. Defendants, as designers, producers, manufacturers, distributors, marketers and sellers of Arimidex, and acting through their employees, staff, and/or representatives, breached their duties owed to the Plaintiff and were further negligent in any and all of the following particulars, but not limited thereto:

    a. failing to design Arimidex in a manner in which it would be reasonably safe so that when administered and used as intended it would not cause injury;

    b. failing to manufacture Arimidex free of defects or dangerous propensities;

    c. failing to inspect Arimidex to ensure that it is reasonably safe and free of defects;

    d. failing to adequately test Arimidex;

    e. failing to adequately warn of Arimidex's dangerous propensities;

    f. failing to monitor Arimidex and its uses in the scientific, medical community and general population;

    g. failing to warn of any health hazards or dangers associated with the use of Arimidex;

    h. failing to use reasonable care in designing, manufacturing, testing, monitoring, distributing and selling of Arimidex;

    i. failing to warn of any health hazards or dangers associated with the use of Arimidex discovered in the post marketing period;

    j. failing to timely revise the drug labeling to include warnings as soon as there was reasonable evidence of an association of a serious hazard with Arimidex;

    k. by designing, manufacturing, testing, monitoring, distributing, labeling and selling of Arimidex, which Defendants knew or through the exercise of reasonable care and diligence should have know was dangerous or unreasonably dangerous and carried with it significant side effects.

16. Defendants knew or should have reasonably foreseen that its negligent acts and or omissions would cause injury to the Plaintiff.

17. Plaintiff, through her physicians, justifiably relied on Defendants' marketing and assurances of the safety of Arimidex and such reliance caused Plaintiff's injury.

18. As a direct and proximate result of the aforementioned negligence of the Defendants, MANYA BLECHMAN suffered bodily injury and resulting pain and suffering, disability, disfigurement, mental anguish, loss of capacity for the enjoyment of life, expense of hospitalization, medical and nursing care and treatment, loss of earnings, loss of the ability to earn money and aggravation of a previously existing condition. These losses are either permanent or continuing in nature, and MANYA BLECHMAN will suffer these losses in the future.

**WHEREFORE**, Plaintiff, MANYA BLECHMAN, sues Defendants and demand judgment for compensatory damages in excess of the minimal jurisdictional limits of this court, prejudgment and post judgment interest as allowed by law, costs and demand trial by jury of all issues so triable.

## COUNT II
### STRICT LIABILITY CLAIMS AGAINST
### ASTRAZENECA PHARMACEUTICALS LP
### ASTRAZENECA LP, ZENECA INC., ZENCA PHARMA INC.

Plaintiff readopts and re-alleges paragraphs 1 through 10 as though fully set forth herein and further alleges:

19. At all times material Defendants, were in the business of selling, designing, manufacturing and or distributing, *inter alia,* pharmaceutical products including Arimidex for sale to the general public and to the Plaintiff.

20. Defendant knew that Arimidex would be used and was used without inspection for defects by the Plaintiff.

21. Defendant placed Arimidex in the general stream of commerce where it was eventually consumed and used by the Plaintiff.

22. Arimidex was defectively designed and/or manufactured because its use resulted in a substantial and unreasonable likelihood of causing periodontal bone loss and all injuries resulting from such loss, including but not limited to loss of teeth, which rendered Arimidex unreasonably dangerous for its intended use.

23. Arimidex was and is far more dangerous than an ordinary consumer would expect and was unsuitable for its intended use.

24. Plaintiff was unaware of the dangerous propensities and defective condition of Arimidex.

25. The Arimidex consumed and used by Plaintiff was in the same condition as when it left the Defendants' control and custody.

26. Defendants could have reasonably foreseen or reasonably anticipated that

Arimidex, in a defective condition, would injure the Plaintiff.

27. When Plaintiff received the Arimidex it was unreasonably dangerous because it was dangerous to an extent beyond that which would be contemplated by the ordinary recipient who possessed ordinary knowledge common to the Plaintiff's community as to its characteristics.

28. The Arimidex sold, designed, manufactured and/or distributed by Defendants was also defective due to inadequate post-marketing warnings, instructions and testing because after the Defendants knew or should have known of the risk of serious injury from Arimidex, Defendants failed to provide adequate warnings to users or consumers of the product and continued to promote Arimidex.

29. The Defendants could have provided adequate warnings to Plaintiff regarding the dangers of Arimidex and failed to do so.

30. As a result, Plaintiff, MANYA BLECHMAN, suffered bodily injury and resulting pain and suffering, disability, disfigurement, mental anguish, loss of capacity for the enjoyment of life, expense of hospitalization, medical and nursing care and treatment, loss of earnings, loss of the ability to earn money and aggravation of a previously existing condition. These losses are either permanent or continuing in nature, and Plaintiff, MANYA BLECHMAN, will suffer these losses in the future.

**WHEREFORE**, Plaintiff, MANYA BLECHMAN, sues Defendants and demands judgment for compensatory damages in excess of the minimal jurisdictional limits of this court, prejudgment and post judgment interest as allowed by law, costs and demands trial by jury of all issues so triable.

## COUNT III
## BREACH OF WARRANTY
## OF FITNESS FOR SPECIFIC PURPOSE
## CLAIMS AGAINST ASTRAZENECA PHARMACEUTICALS LP
## ASTRAZENECA LP, ZENECA INC., ZENCA PHARMA INC.

Plaintiff, MANYA BLECHMAN, readopts and re-alleges paragraphs 1 through 10 as though fully set forth herein and further alleges:

31. The Defendants warranted that the Arimidex received by the Plaintiff was fit for the purpose for which it was used.

32. Plaintiff and/or Plaintiff's healthcare provider relied upon the skill and judgment of the Defendants to produce a safe prescription drug (Arimidex) and to provide appropriate information regarding precautions for the use of Arimidex.

33. The Defendants breached the warranty that the Arimidex received by the Plaintiff was fit for the purpose for which it was used.

34. As a result, Plaintiff, MANYA BLECHMAN, suffered bodily injury and resulting pain and suffering, disability, disfigurement, mental anguish, loss of capacity for the enjoyment of life, expense of hospitalization, medical and nursing care and treatment, loss of earnings, loss of the ability to earn money and aggravation of a previously existing condition. These losses are either permanent or continuing in nature, and Plaintiff, MANYA BLECHMAN, will suffer these losses in the future.

**WHEREFORE**, Plaintiff, MANYA BLECHMAN, sues Defendants and demands judgment for compensatory damages in excess of the minimal jurisdictional limits of this court, prejudgment and post judgment interest as allowed by law, costs and demands trial by jury of all issues so triable.

## COUNT IV
## BREACH OF IMPLIED/EXPRESS WARRANTIES
## CLAIMS AGAINST ASTRAZENECA PHARMACEUTICALS LP
## <u>ASTRAZENECA LP, ZENECA INC., ZENCA PHARMA INC.</u>

Plaintiff, MANYA BLECHMAN, readopts and re-alleges paragraphs 1 through 10 as though fully set forth herein and further alleges:

35. At all times material the Defendants marketed, distributed and sold Arimidex for use by the Plaintiff and further actively solicited healthcare providers to prescribe Arimidex, and the Defendants knew of the use for which the Arimidex was intended and impliedly warranted it would be of merchantable quality and would be safe and fit for its intended use and purpose.

36. Contrary to the Defendants' implied warranty, Arimidex was neither of merchantable quality nor safe and fit for its intended use and purpose. Arimidex was and is unreasonably dangerous and unfit for the ordinary purpose for which it was prescribed.

37. As a result, Plaintiff, MANYA BLECHMAN, suffered bodily injury and resulting pain and suffering, disability, disfigurement, mental anguish, loss of capacity for the enjoyment of life, expense of hospitalization, medical and nursing care and treatment, loss of earnings, loss of the ability to earn money and aggravation of a previously existing condition. These losses are either permanent or continuing in nature, and Plaintiff, MANYA BLECHMAN, will suffer these losses in the future.

**WHEREFORE**, Plaintiff, MANYA BLECHMAN, sues Defendants and demands judgment for compensatory damages in excess of the minimal jurisdictional limits of this court, prejudgment and post judgment interest as allowed by law, costs and demands trial by jury of all issues so triable.

## COUNT V

## FLORIDA'S DECEPTIVE & UNFAIR TRADE PRACTICES ACT ("FDUTPA") CLAIMS AGAINST ASTRAZENECA PHARMACEUTICALS LP ASTRAZENECA LP, ZENECA INC., ZENCA PHARMA INC.

Plaintiff readopts and re-alleges paragraphs 1 through 37 as though fully set forth herein and further alleges:

38. Defendants' actions are deceptive and in clear violation of FDUTPA, entitling Plaintiff to damages and relief under Fla. Stat. §§ 501.201-213.

39. Plaintiff was a consumer within the meaning of FDUTPA, who was deceptively and unlawfully induced to purchase and/or use Arimidex.

40. Florida Statutes, Section 501.204 makes unfair and/or deceptive trade practices in the conduct of any trade or commerce illegal.

41. Florida Statutes, Section 501.211 creates a private right of action for individuals who are aggrieved by an unfair and/or deceptive trade practice by another person.

42. Florida Statutes, Section 501.2105 provides that the prevailing party in litigation arising from a cause of action pursuant to Chapter 501 shall be entitled to recover attorney's fees within the limitations set forth therein from the non prevailing party.

43. Florida Statutes, Section 501.213 provides that any remedies available under Chapter 501 are in addition to any other remedies otherwise available for the same conduct under state or local law.

44. Florida Statutes, Section 501.203 (3)(c) states that a person has violated the Florida Deceptive and Unfair Trade Practices Act if he violates "any law, statute, rule, regulation, or ordinance which proscribes unfair, deceptive, or unconscionable acts

or practices."

45. Defendants engaged in the practice of manufacturing, marketing, distributing, selling and otherwise placing into the stream of commerce a defective product, Arimidex, which it knew or should have known was defective which constitutes trade and commerce as defined by Sections 501.203(8) Fla. Stat., and is therefore subject to FDUTPA.

46. Defendants' acts constitute unconscionable, deceptive, or unfair acts or practices in violation of FDUTPA.

47. As a result of Defendants' unfair and deceptive trade practices, in violation of the FDUTPA, Plaintiff is entitled to actual damages resulting from the purchase of Arimidex.

48. As a result of Defendants' unfair and deceptive trade practices, in violation of the FDUTPA, Plaintiff is entitled to an award of attorney's fees and court costs, if she prevails.

**WHEREFORE**, Plaintiff, MANYA BLECHMAN, sues Defendants and demands judgment for actual damages in excess of the minimal jurisdictional limits of this court, prejudgment and post judgment interest as allowed by law, attorney's fees and court costs, and demands trial by jury of all issues so triable.

### COUNT VI
### LOSS OF CONSORTIUM CLAIM AGAINST
### ASTRAZENECA PHARMACEUTICALS LP
### ASTRAZENECA LP, ZENECA INC., ZENCA PHARMA INC.

Plaintiff, DONALD BLECHMAN, re-alleges and readopts paragraphs 1 through 48 as though fully set forth herein and alternatively and/or concurrently states:

*Manya Blechman & Donald Blechman*
*v. Astrazeneca Pharmaceuticals LP, et al.*

58. As a further direct and proximate cause of the above-described negligence, Plaintiff, DONALD BLECHMAN, has suffered and will continue to suffer for the indefinite future, the loss of his wife's society, services, consortium and support.

**WHEREFORE**, Plaintiff, DONALD BLECHMAN, sues Defendant and demands judgment for compensatory damages in excess of the minimal jurisdictional limits of this court, prejudgment and post judgment interest as allowed by law, costs and demands trial by jury of all issues so triable.

DATED this 14th day of **May, 2007.**

> The Alvarez Law Firm
> Attorneys for the Plaintiffs
> 355 Palermo Avenue
> Coral Gables, FL 33134
> Telephone: (305) 444-7675
> Facsimile: (305) 444-0075
> Email: alex@integrityforjustice.com
>
> BY: _____
> ALEX ALVAREZ
> Florida Bar No. 946346

JS 44 (Rev. 11/05)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)   **NOTICE: Attorneys MUST Indicate All Re-filed Cases Below.**

## I. (a) PLAINTIFFS
MANYA BLECHMAN, and
DONALD BLECHMAN, her husband,

(b) County of Residence of First Listed Plaintiff: **Miami-Dade**
(EXCEPT IN U.S. PLAINTIFF CASES)

(c) Attorney's (Firm Name, Address, and Telephone Number)
ALEX ALVAREZ
355 Palermo Ave., Coral Gables, FL 33134
(305) 444-7675

## DEFENDANTS
ASTRAZENECA PHARMACEUTICALS
LP, a Delaware Limited Partnership,

County of Residence of First Listed Defendant: **Delaware**
(IN U.S. PLAINTIFF CASES ONLY)
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT LAND INVOLVED.

Attorneys (If Known)

(d) Check County Where Action Arose: ✓ MIAMI-DADE  ☐ MONROE  ☐ BROWARD  ☐ PALM BEACH  ☐ MARTIN  ☐ ST. LUCIE  ☐ INDIAN RIVER  ☐ OKEECHOBEE HIGHLANDS

## II. BASIS OF JURISDICTION (Place an "X" in One Box Only)
☐ 1 U.S. Government Plaintiff
☐ 3 Federal Question (U.S. Government Not a Party)
☐ 2 U.S. Government Defendant
✓ 4 Diversity (Indicate Citizenship of Parties in Item III)

1:2007 cv 21248/JAL/EGT

## III. CITIZENSHIP OF PRINCIPAL PARTIES (Place an "X" in One Box for Plaintiff and One Box for Defendant)
(For Diversity Cases Only)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ✓ 1 | ☐ 1 | Incorporated or Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business In Another State | ☐ 5 | ✓ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT (Place an "X" in One Box Only)

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | ☐ 610 Agriculture | ☐ 422 Appeal 28 USC 158 | ☐ 400 State Reapportionment |
| ☐ 120 Marine | ☐ 310 Airplane | ☐ 362 Personal Injury - Med. Malpractice | ☐ 620 Other Food & Drug | ☐ 423 Withdrawal 28 USC 157 | ☐ 410 Antitrust |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability | ✗ 365 Personal Injury - Product Liability | ☐ 625 Drug Related Seizure of Property 21 USC 881 | | ☐ 430 Banks and Banking |
| ☐ 140 Negotiable Instrument | ☐ 320 Assault, Libel & Slander | ☐ 368 Asbestos Personal Injury Product Liability | ☐ 630 Liquor Laws | **PROPERTY RIGHTS** | ☐ 450 Commerce |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 330 Federal Employers' Liability | **PERSONAL PROPERTY** | ☐ 640 R.R. & Truck | ☐ 820 Copyrights | ☐ 460 Deportation |
| ☐ 151 Medicare Act | ☐ 340 Marine | ☐ 370 Other Fraud | ☐ 650 Airline Regs. | ☐ 830 Patent | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 152 Recovery of Defaulted Student Loans (Excl. Veterans) | ☐ 345 Marine Product Liability | ☐ 371 Truth in Lending | ☐ 660 Occupational Safety/Health | ☐ 840 Trademark | ☐ 480 Consumer Credit |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 350 Motor Vehicle | ☐ 380 Other Personal Property Damage | ☐ 690 Other | | ☐ 490 Cable/Sat TV |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle Product Liability | ☐ 385 Property Damage Product Liability | **LABOR** | **SOCIAL SECURITY** | ☐ 810 Selective Service |
| ☐ 190 Other Contract | ☐ 360 Other Personal Injury | | ☐ 710 Fair Labor Standards Act | ☐ 861 HIA (1395ff) | ☐ 850 Securities/Commodities/Exchange |
| ☐ 195 Contract Product Liability | | | ☐ 720 Labor/Mgmt. Relations | ☐ 862 Black Lung (923) | ☐ 875 Customer Challenge 12 USC 3410 |
| ☐ 196 Franchise | | | ☐ 730 Labor/Mgmt.Reporting & Disclosure Act | ☐ 863 DIWC/DIWW (405(g)) | ☐ 890 Other Statutory Actions |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | ☐ 740 Railway Labor Act | ☐ 864 SSID Title XVI | ☐ 891 Agricultural Acts |
| ☐ 210 Land Condemnation | ☐ 441 Voting | ☐ 510 Motions to Vacate Sentence | ☐ 790 Other Labor Litigation | ☐ 865 RSI (405(g)) | ☐ 892 Economic Stabilization Act |
| ☐ 220 Foreclosure | ☐ 442 Employment | **Habeas Corpus:** | ☐ 791 Empl. Ret. Inc. Security Act | **FEDERAL TAX SUITS** | ☐ 893 Environmental Matters |
| ☐ 230 Rent Lease & Ejectment | ☐ 443 Housing/Accommodations | ☐ 530 General | | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 894 Energy Allocation Act |
| ☐ 240 Torts to Land | ☐ 444 Welfare | ☐ 535 Death Penalty | | ☐ 871 IRS—Third Party 26 USC 7609 | ☐ 895 Freedom of Information Act |
| ☐ 245 Tort Product Liability | ☐ 445 Amer. w/Disabilities - Employment | ☐ 540 Mandamus & Other | | | ☐ 900 Appeal of Fee Determination Under Equal Access to Justice |
| ☐ 290 All Other Real Property | ☐ 446 Amer. w/Disabilities - Other | ☐ 550 Civil Rights | | | ☐ 950 Constitutionality of State Statutes |
| | ☐ 440 Other Civil Rights | ☐ 555 Prison Condition | | | |

FILED by DKTG
MAY 14 2007
CLARENCE MADDOX
CLERK U.S. DIST. CT.
S.D. of FLA.

## V. ORIGIN (Place an "X" in One Box Only)
✓ 1 Original Proceeding
☐ 2 Removed from State Court
☐ 3 Re-filed (see VI below)
☐ 4 Reinstated or Reopened
☐ 5 Transferred from another district (specify)
☐ 6 Multidistrict Litigation
☐ 7 Appeal to District Judge from Magistrate Judgment

## VI. RELATED/RE-FILED CASE(S).
(See instructions second page):
a) Re-filed Case ☐ YES ✓ NO    b) Related Cases ☐ YES ✓ NO
JUDGE                           DOCKET NUMBER

## VII. CAUSE OF ACTION
Cite the U.S. Civil Statute under which you are filing and Write a Brief Statement of Cause (Do not cite jurisdictional statutes unless diversity):
28 U.S.C. § 1391 - Defendant sold a defective product causing injury to Plaintiff.

LENGTH OF TRIAL via _____ days estimated (for both sides to try entire case)

## VIII. REQUESTED IN COMPLAINT:
☐ CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23
DEMAND $
CHECK YES only if demanded in complaint:
JURY DEMAND: ✓ Yes ☐ No

ABOVE INFORMATION IS TRUE & CORRECT TO THE BEST OF MY KNOWLEDGE
SIGNATURE OF ATTORNEY OF RECORD
DATE 5/14/07

FOR OFFICE USE ONLY
AMOUNT 350 -   RECEIPT # 955583